# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER A. YEUNG, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED BIOLOGICS, LLC, et. al.,<br><br>Defendants. | Case No.: 17-cv-1510-JAH-JMA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** [Doc. No. 32] |

## INTRODUCTION

Pending before the Court is Defendants' motion to dismiss Plaintiffs' First Amended Complaint ("FAC") pursuant to rules 12(b)(1), 12(b)(6), and 23.1 of the Federal Rules of Civil Procedure. See Doc. No. 36. Plaintiffs filed a response to Defendants' motion to dismiss and Defendants filed a reply brief. See Doc. No. 38, 39. After careful review of all pleadings filed by the parties, and for the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' FAC.

## BACKGROUND

On July 25, 2017, Plaintiffs Christopher Yeung, CW Investments, LP, and Spinalgenics filed a complaint asserting breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, accounting, violation of California Business and Professions Code § 17200, unjust enrichment, and interference with contract.

See Doc. No. 1. They name Advanced Biologics, LLC, Bologica Technologies, LLC, Amit Govil, Scott Cadotte, and Does 1 through 50, inclusive, as defendants. Id.

On October 16, 2017, Defendants filed a motion to dismiss the complaint. See Doc. No. 12. Plaintiffs opposed the motion and also filed a motion for leave to file a First Amended Complaint. See Doc. Nos. 16, 18, 19. Defendants opposed the motion for leave. See Doc. Nos. 26, 27. The Court granted in part and denied in part Plaintiffs' request for leave to file an amended complaint, allowing the amendment, but denying the proposed amended complaint. See Doc. No. 31. Plaintiffs filed a FAC on August 31, 2018, and in response, the Court denied Defendants' motion to dismiss the original complaint as moot. See Doc. No. 33. In the FAC, Plaintiffs allege they entered into an operating agreement setting out their capital contributions and membership interest with Defendant Advanced Biologics, which was represented to be a holding company set up to create innovative products and hold interest in sub-entities for the various products developed. FAC ¶¶ 17-9. They further allege Defendant Govil was elected manager, and Govil and Codotte were elected officers of Advanced Biologics, and the company successfully developed several product lines and subsidiary companies. Id. ¶¶ 20-23. Plaintiffs also allege Defendants Govil and Cadotte engaged in improper conduct seeking to eliminate the value of Plaintiffs' ownership interest in Advanced Biologics. Id. ¶¶ 30-43. Plaintiffs seek an award of damages, an accounting, attorney's fees, expenses and costs, punitive damages, and pre-judgement and post-judgement interest. In response to the FAC, Defendants filed a motion to dismiss. See Doc. No. 36. Plaintiffs opposed the motion and Defendants filed a reply. See Doc. Nos. 38, 39. The motion was taken under submission without oral argument.

## **DISCUSSION**

In their motion to dismiss the FAC, Defendants contend that Plaintiffs do not have standing to assert any of their direct claims because the gravamen of Plaintiffs' complaint is injury to the company, not injury to the individual. See Doc. No. 36 Defendants further contend that Plaintiffs' derivative claims must be dismissed because Plaintiffs did not plead demand futility in accordance with Federal Rule of Civil Procedure 23.1. See id. Plaintiffs

respond by contending that the addition of derivative claims in the FAC may upset diversity jurisdiction. See Doc. No. 38. However, Plaintiffs argue that each of their claims meet the 12(b)(6) pleading standards and each of the direct claims allege injury not incidental to the company. See Doc. No. 38.

## I. DIVERSITY JURISDICTION

### A. Legal Standard – 28 U.S.C. § 1332

A federal court is one of limited jurisdiction. See Gould v. Mutual Life Ins. Co. of New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 93-4 (1998). A court may also dismiss an action *sua sponte* at any time for lack of subject matter jurisdiction. See California Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974). In contrast to dismissals for failure to state a claim, if the court lacks subject matter jurisdiction, it is not required to issue a summons or follow other procedural requirements. See Loux v. Rhay, 375 F.2d 55, 58 (9th Cir. 1967). To establish subject matter jurisdiction under 28 U.S.C. § 1332, a party must show: (1) complete diversity among opposing parties; and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction is assessed at the time the action is filed and is not generally upset by the addition of nondiverse parties to the action unless the original party was indispensable. See Freeport-McMoRan, Inc. v. KN Energy, Inc., 498 U.S. 426, 428 (1991) (per curiam). Plaintiff has the burden of demonstrating jurisdiction by showing "in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." Smith v. McCullough, 270 U.S. 456, 459 (1926).

To be considered diverse, the "citizenship" of each plaintiff must be different from the citizenship of each defendant. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). An individual is a citizen of the state in which the individual is "domiciled," i.e. where the individual has a true, fixed home and permanent establishment, and where he or she intends to return whenever absent therefrom. See Kanter v. Warner-Lambert Co., 265 F.3d

853, 857 (9th Cir. 2001). A corporation is "domiciled" in the state in which it is incorporated and/or, the state in which it has its principal place of business. See Fifty Associates v. Prudential Ins. Co. of America, 446 F.2d 1187, 1190 (9th Cir. 1970). A corporation's principal place of business "refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities, in other words the corporation's 'nerve center'." Hertz Corp. v. Friend, 559 U.S. 77, 92-3 (2010). Limited partnerships and limited liability companies on the other hand, are treated as citizens of every state in which their members are citizens. See Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

**B. Analysis**

Plaintiffs maintain their FAC added derivative claims which changes the real party in interest from the individual Plaintiffs to Advanced Biologics LLC. They contend Advanced Biologics shares the same residency as the Defendants, who are members of the LLC, because an LLC is considered a resident of every state where it has members. See Johnson, 437 F.3d at 899. As a result, they argue that diversity jurisdiction may be destroyed. Plaintiffs ask the court to rule on this issue. Defendants do not respond to this argument.

When derivative claims are brought by individual shareholders, the company on behalf of whom the action is being brought is the "real party in interest", in this case, Advanced Biologics, LLC. See Ross v. Bernhard, 396 U.S. 531, 538 (1970) ("Although named a defendant, [the company] is the real party in interest, the stockholder being at best the nominal plaintiff"). As a limited liability company, Advanced Biologics is a citizen of every state in which is members are citizens. Johnson, 437 F.3d at 899. To the extent the FAC asserts derivative claims, they are asserted against Scott Cadotte and Amit Govil, both citizens of California. Because Advanced Biologics is a California citizen, by virtue of Cadotte and Govil's membership in the LLC, complete diversity of citizenship does not exist over the FAC.

Although Freeport stands for the proposition that the subsequent addition of nondiverse parties does not generally divest diversity jurisdiction, the Ninth Circuit interprets the holding narrowly. See, e.g., Hill v. Blind Industries and Services of Maryland, 179 F.3d 754, 757 (9th Cir. 1999) (limiting the applicability of the Freeport rule to cases in which a party subsequently moves to another state); Mattel, Inc. v. Bryant, 446 F.3d 1011, 1013 (9th Cir. 2006) (limiting the applicability of the Freeport rule to cases in which a nondiverse and not indispensable defendant intervenes)

As discussed below, based on the Ninth Circuit's narrow reading of Freeport, and the fact that Plaintiffs assert derivative claims in the FAC making Advanced Biologics the real party in interest, diversity does not exist. As such, this Court lacks jurisdiction over the action.

## II. STANDING

### A. Legal Standard

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter. Fed. R. Civ. Pro. 12(b)(1). When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. See Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quoting Thornhill Publishing Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979)). As the party seeking to invoke jurisdiction, the plaintiff has the burden of establishing that jurisdiction exists. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

### B. Analysis

Defendants argue that Plaintiffs failed to remedy their allegations of harm in of the FAC and thus do not have Article III standing. See Doc. No. 36. Defendants contend that even where stockholders are alleging incidental personal injury based on the diminished

5

17-cv-1510-JAH-JMA

value of their own investment in the Company, they cannot maintain direct claims based on the same core allegations as the derivative claims. See Doc. No. 36. Plaintiffs' generally allege that the wrongful transfer of assets without proper consent diminished the value of the Company's stock, but the direct claims include allegations of harm sufficient to differentiate them from the derivative claims. See Doc. No. 32 ¶ 30-40.

A shareholder derivative suit "permits an individual shareholder to bring a suit 'to enforce a corporate cause of action against officers, directors, and third parties.'" Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 95 (1991) (quoting Ross v. Bernhard, 396 U.S. 531, 534 (1970)). The propriety of bringing a direct versus derivative claim is governed by the law of the state of incorporation. Lapidus v. Hecht, 232 F.3d 679, 682 (9th Cir. 2000). "An action is derivative, i.e. in the corporate right, if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property, without any severance or distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets." PacLink Commc'ns Int'l, Inc., v. Superior Court, 90 Cal.App.4th 958, 964 (2001). A direct action brought by a corporate shareholder is maintainable only if the damages are not incidental to an injury to the corporation. See Bader v. Anderson, 179 Cal.App.4th 775, 793 (2009).

### 1. First Cause of Action – Breach of Contract

Plaintiffs allege a breach of Articles 5.1, 5.2, 6.1, 7.2, and 10.5, which govern maintenance of and member access to accounts and records, member and voting rights, restrictions on transfer, and third-party beneficiaries. Defendants generally argue that Plaintiffs failed to correct the allegations of harm in their first amended complaint, so they could maintain direct and derivative actions. Plaintiffs contend Defendants make no argument regarding claim one, and that because Advanced Biologics in not a party to the Agreement, Plaintiffs have no avenue to assert their breach of contract claim other than to assert a direct claim. Although Plaintiffs allege they have suffered damages as a result of the breaches, they do so in conclusory terms. As pled, Plaintiffs do not have Article III standing.

### 2. Second Cause of Action – Breach of the Implied Covenant of Good Faith and Fair Dealing

In their motion to dismiss Defendants argue that the crux of Plaintiffs' alleged injury in claim two is fundamentally an injury to the company, whereby any damages suffered by the individual members were incidental to injury suffered by the Company. Plaintiffs argue that California case law indicates opposed managers of an LLC owe a duty of good faith and fair dealing to both the Company, as well as its individual members.

Plaintiffs' distinct duties argument implies that the derivative claim arises from a duty owed to the company, while a direct claim arises from a duty owed to the individual. However, whether a claim must be brought derivatively depends on the injury suffered, not the duty breached. See e.g., Bader, 179 Cal.App.4th at 793 ("A corporate shareholder's direct action, as opposed to a derivative action, is maintainable only if the ***damages*** are not incidental to an injury to the corporation.") (internal citation omitted) (emphasis added). For the individual Plaintiffs to have standing against Defendants in this direct cause of action, the harm suffered by Plaintiffs must not be incidental to the harm suffered by the Company. See PacLink Commc'ns Int'l, Inc., 90 Cal.App.4th at 964 ("the action is derivative, i.e., in the corporate right, if the gravamen of the complaint is injury to the corporation"). That is, the damages allegedly arising from Defendants breach must result in injury to the Plaintiffs that is not incidental to any injury resulting to the Company. Here, the harm alleged is a diminution in the value of the company's stock.

Plaintiffs fail to allege how breaches of duties allegedly owed to them individually resulted in injury to the individual shareholders that is not incidental to injury to the Company. Plaintiffs' direct claim for breach of good faith and fair dealing is subject to dismissal for lack of standing.

//
//
//
//

### 3. Fourth Cause of Action – Breach of Fiduciary Duty[1]

Defendants argue that claim four should be dismissed because "Plaintiffs simply lack any factual basis to assert unique direct harm sufficient to support the purported direct claims." See Doc. No. 36 at 7. Plaintiffs maintain that Cadotte and Govil, as managers of Advanced Biologics owe independent fiduciary duties to both the Company and the Company's members. As such, Plaintiffs argue that the injuries accruing to the Company and the individual members stem from independent bases and can be maintained together. See Doc. No. 38. As discussed above, whether or not a direct and derivative claim may be maintained together depends on the injury suffered, not the duty breached. The alleged breaches of the fiduciary duty do not correspond to an injury to the individuals not incidental to an injury to the company.

Plaintiffs also argue that the appropriate remedies for the direct claims may differ from the remedies appropriate for the derivative claims, and these different forms of relief justify maintaining both direct and derivative claims. Plaintiffs' argument is misplaced. The issue is not what type of relief the individual plaintiff is entitled to but whether the damages suffered is incidental to that suffered by the company. See Bader, 179 Cal.App.4th at 793. As such, Plaintiffs fourth cause of action is subject to dismissal.

### 4. Sixth Cause of Action – Accounting

Plaintiffs argue that accounting claims cannot be brought derivatively. Similar to an accounting, a derivative suit is equitable in nature and the right to an accounting often arises from the defendant's abuse of a partnership, special relationship, or fiduciary relationship. See Civic Western Corp. v. Zila Industries, Inc., 66 Cal.App.3d 1 (1977); Union Bank v.

---

[1] The face of the FAC lists breach of fiduciary duty (derivative claim) as claim 4, and breach of fiduciary duty (direct claim) as claim 5. However, within the FAC, claim 4 (¶¶ 65-71) is listed as the direct claim, and claim 5 (¶¶ 72-81) is listed as the derivative claim. For the purposes of discussion, the direct claim for breach of fiduciary duty will be referred to as claim 4, and the derivative claim for breach of fiduciary duty will be referred to as claim 5. Plaintiffs' direct claim of action for breach of fiduciary duty is referred to as Roman Numeral V in Defendants' motion to dismiss. See Doc. Nos. 32, 36.

Superior Court, 31 Cal.App.4th 653 (1995). However, Plaintiff's sixth cause of action is again predicated on injury to the individual that is incidental to injury to the company. Plaintiff's direct action for an accounting is dismissed.

### 5. Seventh Cause of Action – Violation of California Business & Professions Code Section 17200

Plaintiffs did not address Defendants' motion to dismiss the direct claims for violation of California Business and Professional Code § 17200. Plaintiffs allege reduction of distributions and misappropriated assets. Because these injuries are incidental to injury to the company, the direct claim must be dismissed.

### 6. Ninth Cause of Action – Intentional Interference with Contract

Defendants argue that Plaintiffs ninth cause of action should be dismissed because it does not allege harm to the individual plaintiffs that is not incidental to the harm suffered by the Company. See Doc. No. 36, 39. They maintain that Plaintiffs' direct claim for intentional interference with contract is predicated on "the reduction in value of their membership interests resulting from the alleged misappropriation of Company assets." Doc. No. 39 at 6. Plaintiffs contend that the claim for Intentional Interference with Contract could not be brought derivatively as it is an individual right of action arising from the agreement.

In their ninth cause of action, Plaintiffs fail to allege that they suffered harm not incidental to the harm suffered by the Company. Plaintiffs allege that the "cruel and unjust hardship" they were subject to and Cadotte and Govil's "concealment of material facts…deprive[d] Plaintiffs of property and/or legal rights." FAC ¶ 103. However, the "property" that Plaintiffs are alleged to have been deprived of is the reduction in value of their stock, which is an incidental harm suffered by the Company and is thus subject to dismissal.

//
//

9

17-cv-1510-JAH-JMA

### III. FAILURE TO STATE A CLAIM – DEMAND FUTILITY

Because the Court finds it lacks jurisdiction to hear the derivative claims, it will not address Defendants' argument that the derivative claims should be dismissed for failure to allege demand refusal or demand futility.

### CONCLUSION AND ORDER

Based on the foregoing, Defendants' motion to dismiss is **GRANTED**. The First Amended Complaint is **DISMISSED without prejudice**.

DATED:   August 20, 2019

_____
JOHN A. HOUSTON
United States District Judge